**In the Matter of**
**THE ESTATE OF INGER HEYN, Deceased**
Probate No. 7 - 1957
District Court of the Virgin Islands
Div. of St. Croix at Christiansted
June 21, 1958
*See, also, 163 F. Supp. 431*
*Same case on appeal, see 4 V.I.*

ALMERIC L. CHRISTIAN, ESQ., Christiansted, Virgin Islands *for Elvira V. Henderson, petitioner*

WARREN H. YOUNG, ESQ., Christiansted, Virgin Islands, *for Chester A. Ingvoldstad, respondent*

R. H. AMPHLETT LEADER, ESQ., Frederiksted, Virgin Islands, *for Joseph Alexander, executor*

MARIS, *Circuit Judge*

Elvira V. Henderson has filed a petition in which she seeks a declaration that she is the child of Cornelius B. Pentheny, deceased, and that as his descendant she is entitled to take an intestate share of the estate of his mother, Inger Heyn, who died after the death of Cornelius and whose will made no provision for Cornelius or

his descendants. The petitioner alleges that she is an illegitimate child of Cornelius and as such is entitled to the benefit of Title II, chapter 10, section 7, of the Code of Laws of the Municipality of St. Croix (1921 Code, 15 V.I.C., note prec. § 1), by virtue of the provisions of the Act of May 18, 1949, Bill No. 9 (15 V.I.C. § 84 note), relating to the property status of illegitimate children.

From the evidence I find as a fact that Cornelius B. Pentheny was the father of the petitioner, Elvira V. Henderson. Cornelius died on March 8, 1947 leaving a will by which he gave his residuary estate to his mother, Inger Heyn. Inger Heyn died on April 3, 1957 leaving a will dated January 6, 1955 by which she gave all her property to her son, Chester A. Ingvoldstad, the respondent in the present proceeding. The will made no mention of her son Cornelius, who had died before it was executed, or of his illegitimate daughter Elvira, the petitioner here.

Section 1 of the Act of May 18, 1949, Bill No. 9, provided as follows:

"An illegitimate child shall upon the approval of this measure and thereafter be considered to have the same status, for the purpose of the descent of the property of his or her ancestors, as if he or she were born in lawful wedlock provided that in cases where the ancestor in question is a father, he admitted of record paternity of such child by signing the official birth certificate; or he was or is adjudged the father of such child by a court of competent jurisdiction; and provided further that such father shall have all the rights and privileges provided by law to fathers of legitimate children."[1]

Title II, chapter 10, section 7, of the (1921) Code of Laws of the Municipality of St. Croix, provided as follows:

"If any person make his last will and die, leaving a child or children, or descendants of such child or children, in case of their death, not named or provided for in such will, although born after

[1] The provisions of this Act, in somewhat modified form, now appear in 15 V.I.C. § 84(13).

the making of such will or the death of the testator, every such testator, so far as shall regard such child or children, or their descendants not provided for, shall be deemed to die intestate and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them; and all the other heirs, devisees, and legatees shall refund their proportional part."[2]

Having found that Cornelius was the father of the petitioner I must determine whether an adjudication of paternity thus made after his death is in compliance with the Act of May 18, 1949 so as to give the petitioner the status of a legitimate child of Cornelius for the purpose of the descent of the property of her ancestors, and, if so, whether that status enables her to take, as her deceased father's descendant, a share of her grandmother's estate under Title II, chapter 10, section 7, of the former St. Croix Code.

■ The solution of the first question presents little difficulty. The Act of 1949 provides that it shall be applicable if the father admitted paternity of record or "was or is adjudged the father of such child." It is clear that this language contemplates such an adjudication either before or after the death of the putative father. It was doubtless to make this point certain that the Legislative Assembly inserted the otherwise tautological words "or is" in the Act. In re Nelthropp's Estate, D.C.V.I. 1955, 3 V.I. 141, 129 F. Supp. 609, 615.

■ This brings me to the remaining question, namely, whether the petitioner may claim as a descendant of Cornelius a share of the estate of her grandmother, Inger Heyn, under Title II, chapter 10, section 7, of the St. Croix Code (1921). In the case of In re Nelthropp's Estate, D.C. 1955 (3 V.I. 141), 129 F. Supp. 609, this court was called upon to consider the question whether illegitimate chil-

[2] The provisions of this section, substantially modified, now appear in 15 V.I.C. § 18.

dren could take a share of their father's estate against the provisions of his will which did not name or provide for them. The father had died after the enactment of the Act of 1949 and the case accordingly involved the construction and effect of that Act. The court held that the Act of 1949 applies only to the right of succession to an ancestor's property under the intestate laws and not to the distribution of property of a decedent who has died testate. It was accordingly decided that the illegitimate children could not take under Title II, chapter 10, section 7, against the will of their father the shares of his estate to which they would have been entitled if he had died intestate.

I am strongly urged to overrule the Nelthropp case on the ground that it was wrongly decided. The petitioner contends that the construction by that case of the Act of 1949 as limited to intestate succession is unduly narrow and that even thus narrowly construed the Act should be held to apply since under Title II, chapter 10, section 7, in the case of a child who is not named or provided for in his parent's will the parent "shall be deemed to die intestate and such child or children, or their descendants, shall be entitled to such proportion of the estate of the testator, real and personal, as if he had died intestate, and the same shall be assigned to them." The argument is that intestate succession, and that alone, is involved in such a situation. This argument is a persuasive one and if the present case were one of first impression I might be constrained to adopt it. But since the contrary has been squarely ruled by this court in the Nelthropp case, from which decision no appeal was taken, and since the statute as thus construed was permitted by the Legislature to stand unamended until it was superseded by the Virgin Islands Code I think that a proper respect for the doctrine of stare decisis and for

the repose of property rights requires me to refrain from reexamining the question. Accordingly, upon the authority of the Nelthropp case I hold that the Act of 1949 does not empower the petitioner to claim under Title II, chapter 10, section 7, of the (1921) Code of Laws of the Municipality of St. Croix a share of the estate of Inger Heyn, deceased, as a descendant of her father, Cornelius B. Pentheny, deceased.

I come the more readily to this conclusion because of the fact that the Legislature in enacting section 18 of Title 15 of the Virgin Islands Code, which supersedes Title II, chapter 10, section 7, of the former municipal codes and covers their subject matter, has restricted its provisions to children born after the making of the will in which they are not provided for and, while expressly including illegitimate children who have been recognized or adjudged as such, has limited these to children of the testator himself, thus eliminating the provision upon which the petitioner here relies which would permit the descendants of deceased children to take. Accordingly if the law of the Virgin Islands as it stands today were applicable the petitioner would have no legal basis for her claim.

Another reason which the petitioner asserted for her request to have her status determined was to establish her standing to contest the validity of the will of Inger Heyn upon the ground that the testatrix was mentally incompetent when she executed it. The petitioner did not seek an adjudication of that question in the present proceeding, however, and I do not pass upon it. It will be time enough to consider it if and when it is properly presented to the court. Suffice it for present purposes to say that the petitioner is the child of Cornelius B. Pentheny and grandchild of Inger Heyn with all the rights which the Act of May 18, 1949 confers upon her.

A decree will be entered in accord with this opinion.